Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

UNITED STATES DISTRICT COURT

for the WESTERN District of MICHIGAN

Northern Division

**FILED - MQ**
April 15, 2022 11:18 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: mic SCANNED BY:

) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. (to be filled in by the Clerk's Office)


WALTER COFFEY

**2:22-cv-80**

Plaintiff

Robert J. Jonker - Chief U.S. District Judge
Maarten Vermaat - Magistrate Judge

-v-

CAROL NEITHERCUT, et al.

SEE ATTACHED

Defendants


COMPLAINT AND REQUEST FOR INJUNCTION

I. The Parties to This Complaint

A. The Plaintiff

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name  WALTER COFFEY

Street Address 400 Carrie Street

City and County  Sault St. Marie, Chippewa

State and Zip Code Michigan, 49783

Telephone Number 231 758 6052

E-mail Address

B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

Defendant No. 1

Name  CAROL NEITHERCUT

Job or Title (if known)  PRESIDENT OF BAY VIEW ASSOCIATION

Street Address

City and County CHICAGO COOK

State and Zip Code  ILLINOIS

Telephone Number 231 347 6225

E-mail Address (if known)


Defendant No. 2

Name ANGELA LASHER

Job or Title (if known) EMMET COUNTY JUDGE

Street Address  200 Division Street

City and County  Petoskey, EMMET

State and Zip Code  MICHIGAN, 49770

Telephone Number  231 348 1750

E-mail Address (if known)

Defendant No. 3

Name  Bay View Real Estate Management, Inc.

Job or Title (if known)  Rent & Debt Collection

Street Address  1715 Encampment Avenue

City and County  Bay View, EMMET

State and Zip Code MICHIGAN  49770

Telephone Number  231 347 6225

E-mail Address (if known)

Defendant No. 4

Name  Plunkett Cooney; James Murray; Matthew Cross; et al

Job or Title (if known)  Rent & Debt Collection Services

Street Address  406 Bay Street

City and County  Petoskey, EMMET

State and Zip Code  MICHIGAN, 49770

Telephone Number   231 347 1200

Defendants 5, 6. 7. 8 all have the same address for Bay View

1715 Encampment Avenue

Bay View, EMMET

MICHIGAN, 49770

Phone 231 347 6225


Defendant No. 5

Name Barbara Pfeil---Executive Director of Bay View

Defendant No. 6

Name Jake Porath---Superintendent of Bay View

Defendant No. 7

Name Mike Spencer---Executive Director of Bay View

Defendant No. 8

Name Rance Carpenter---laborer of Bay View


Defendant No. 9

DTE GAS TECHNICIAN (name currently unknown)

PETOSKEY, EMMET

MICHIGAN, 49770

Defendant No. 10

Name  Chad Johnson

3460 Harbor-Petoskey Road

Harbor Springs, EMMET

Michigan 49740

231 439 8900

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? (check all that apply)

Federal question Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

I. Basis for Jurisdiction Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff. What is the basis for federal court jurisdiction? (check all that apply):     Federal question  Diversity of citizenship     Carol Neithercut - Chicago

Primarily Federal Question although "Diversity of citizenship" does apply as well due to the fact that Defendant Carol Neithercut is a citizen of Chicago, Illinois.  Other yet unnamed Defendants who are sitting members of the Bay View Board of Trustees also have citizenship in other States.  Plaintiff will require further discovery before those names and citizenships will be known.

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against (check all that apply):

Federal officials (a Bivens claim)

**State or local officials (a § 1983 claim):  this is the claim**

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

1) FOURTH AMENDMENT---ILLEGAL SEARCH & SEIZURE OF THOUSANDS OF DOLLARS OF PERSONAL PROPERTY & ROOFING MATERIAS, TOOLS, SUPPLIES: ATTEMPTING TO SEIZE & CONVERT THE $300,000.00 HOME AT 1937 STEPHENS LANE INTO BAY VIEW PROPERTY; DEPRIVING PLAINTIFF OF ACCESS & CONTROL & PREPARATION FOR SALE OF HIS OWN FREE & CLEAR PROPERTY WITH NO DEBTS OWED TO BAY VIEW---THE RIGHT OF THE PEOPLE TO BE SECURE IN THEIR PERSONS, HOUSES, PAPERS, AND EFFECTS AGAINST UNREASONABLE SEARCH & SEIZURES. SHALL NOT BE VIOLATED AND NO WARRANT SHALL ISSUE BUT UPON PROBABLE CAUSE, SUPPORTED BY OATH OR AFFIRMATION, AND PARTICULARLY DESCRIBING THE PLACE TO BE SEARCHED, AND THE PERSONS OR THINGS TO BE SEIZED

2) FIFTH AMENDMENT---NO PERSON SHALL BE DEPRIVED OF LIFE, LIBERTY OR PROPERTY WITHOUT DUE PROCESS OF LAW. PLAINTIFF ARGUES THAT AT NO TIME DURING THE YEAR 2021 DID THE EMMET COUNTY COURT OR PLUNKETT COONEY OR BAY VIEW ASSOCIATION POST ON THE DOORS OR MAIL ANYTHING TO THE PROPERTY OF 1937 STEPHENS LANE BAY VIEW, MICHIGAN 49770 WHERE THEY ALLEGED TO HAVE SUBJECT MATTER JURISDICTION.THE COURT HAS ALSO FOUND THAT THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT IMPOSES ON THE FEDERAL GOVERNMENT RESTRICTIONS THAT ARE ALMOST IDENTICAL TO THOSE IMPOSED ON THE STATES BY THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT.

3) FOURTEENTH AMENDMENT---NO STATE SHALL MAKE OR ENFORCE ANY LAW WHICH SHALL ABRIDGE THE PRIVILEGES OR IMMUNITIES OF CITIZENS OF THE UNITED STATES; NOR SHALL ANY STATE DEPRIVE ANY PERSON OF LIFE, LIBERTY OR PROPERTY, WITHOUT DUE PROCESS OF LAW; NOR DENY ANY PERSON WITHIN ITS JURISIDICTION THE EQUAL PROTECTION OF THE LAWS.

4) PLAINTIFF HEREBY INVOKES THE FACT THAT HE IS A "PROTECTED CLASS" BY AGE AS HE IS CLASSIFIED AS A SENIOR CITIZEN UNDER THE MICHIGAN CIVIL RIGHTS ACT. 5) JUDGE ANGELA LASHER HAS VIOLATED THE PLAINTIFF'S RIGHTS UNDER THE STATE OF MICHIGAN'S "ANTI-LOCKOUT STATUTE"

C. Plaintiffs suing under Bivens may only recover for the violation of certain constitutional rights. If you are suing under Bivens, what constitutional right(s) do you claim is/are being violated by (federal officials? Not being claimed)

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law.

Defendants Bay View Association staff and hired help: Jake Porath, Mike Spencer, Tony Presly, Barb Pfeil, Plunkett Cooney all acted under Bay View Association By-Laws, Ordinances, and Emmet County, and State law in order to consistently trespass, illegally enter Plaintiff's home, illegally violate Bear Creek Township Roofing Permit, illegally photograph, illegally cause and perform search & seizures under the color of State or local law and allegedly tamper with Plaintiff's gas in order to create the appearance of an exigent circumstance.

Defendant Carol Neithercut acted as President of Bay View Association to give her authorization to all conduct committed by Bay View employees and Bay View's hired help at the Plunkett Cooney law firm.

Defendant DTE Technician---illegally entered Plaintiff's home without an exigent circumstance. Defendant DTE could readily have turned the gas off from the outside but did not do this. There was no reason for DTE to enter Plaintiff's home since he could have just turned the gas of from the outside. In fact, the gas can only be turned off from the outside.

Defendant Tony Presly---illegally came onto Plaintiff's property on or about August 19, 2021 for the sole purpose of detaining Plaintiff and his wife.

Defendant Rance Carpenter---illegally came onto Plaintiff's property for the purpose of stalking Plaintiff's wife and children around Bay View in the fall of 2020.

Defendant Emmet County Judge Angela Lasher---issued Ex Parte Orders against Plaintiff and failed to have the subject of her alleged jurisdiction "1937 Stephens Lane" notified in any way during the late spring/summer occupancy season of 2021 between May 1, 2021 and September 1, 2021 prior to her Ex Parte Orders. Instead, Defendant Judge Lasher had Court mail sent to PO BOX 95 CEDAR, MICHIGAN in LEELANAU COUNTY. At all times, Defendant Judge Angela Lasher was acting as

and in her official capacity as an Emmet County Judge. This matter against Defendant
Angela Lasher is described in more detail in other attached pages to this lawsuit.

Attach additional pages if needed.

1) FOURTH AMENDMENT---ILLEGAL SEARCH & SEIZURE OF THOUSANDS OF
DOLLARS OF PERSONAL PROPERTY & ROOFING MATERIAS, TOOLS, SUPPLIES;
ATTEMPTING TO SEIZE & CONVERT THE $300,000.00 HOME AT 1937 STEPHENS
LANE INTO BAY VIEW PROPERTY; DEPRIVING PLAINTIFF OF ACCESS & CONTROL
& PREPARATION FOR SALE OF HIS OWN FREE & CLEAR PROPERTY WITH NO
DEBTS OWED TO BAY VIEW---THE RIGHT OF THE PEOPLE TO BE SECURE IN THEIR
PERSONS, HOUSES, PAPERS, AND EFFECTS AGAINST UNREASONABLE SEARCH &
SEIZURES, SHALL NOT BE VIOLATED AND NO WARRANT SHALL ISSUE BUT UPON
PROBABLE CAUSE, SUPPORTED BY OATH OR AFFIRMATION, AND PARTICULARLY
DESCRIBING THE PLACE TO BE SEARCHED, AND THE PERSONS OR THINGS TO BE
SEIZED

2) FIFTH AMENDMENT---NO PERSON SHALL BE DEPRIVED OF LIFE, LIBERTY OR
PROPERTY WITHOUT DUE PROCESS OF LAW. PLAINTIFF ARGUES THAT AT NO
TIME DURING THE YEAR 2021 DID THE EMMET COUNTY COURT OR PLUNKETT
COONEY OR BAY VIEW ASSOCIATION POST ON THE DOORS OR MAIL ANYTHING
TO THE PROPERTY OF 1937 STEPHENS LANE BAY VIEW, MICHIGAN 49770 WHERE
THEY ALLEGED TO HAVE SUBJECT MATTER JURISDICTION.THE COURT HAS ALSO
FOUND THAT THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT IMPOSES
ON THE FEDERAL GOVERNMENT RESTRICTIONS THAT ARE ALMOST IDENTICAL
TO THOSE IMPOSED ON THE STATES BY THE EQUAL PROTECTION CLAUSE OF
THE FOURTEENTH AMENDMENT.

3) FOURTEENTH AMENDMENT---NO STATE SHALL MAKE OR ENFORCE ANY LAW
WHICH SHALL ABRIDGE THE PRIVILEGES OR IMMUNITIES OF CITIZENS OF THE
UNITED STATES; NOR SHALL ANY STATE DEPRIVE ANY PERSON OF LIFE,
LIBERTY OR PROPERTY, WITHOUT DUE PROCESS OF LAW; NOR DENY ANY
PERSON WITHIN ITS JURISIDICTION THE EQUAL PROTECTION OF THE LAWS.

4) PLAINTIFF HEREBY INVOKES THE FACT THAT HE IS A "PROTECTED CLASS" BY
AGE AS HE IS CLASSIFIED AS A SENIOR CITIZEN UNDER THE MICHIGAN CIVIL
RIGHTS ACT. 5) JUDGE ANGELA LASHER HAS VIOLATED THE PLAINTIFF'S RIGHTS
UNDER THE STATE OF MICHIGAN'S "ANTI-LOCKOUT STATUTE"

III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

B. What date and approximate time did the events giving rise to your claim(s) occur?

C. What are the facts underlying your claim(s)? (For example: What happened to you? Who did what?

Was anyone else involved? Who else saw what happened?)

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

*Plaintiff has sustained life threatening injuries due to the stress of being sued in the name of the Christian Church, and would like to provide that information under seal of the Court to protect Plaintiff's HIPPA rights.

3. The Amount in Controversy

The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because (explain): Plaintiff's family home at 1937 Stephens Lane Bay View/Petoskey, Michigan 49770 has MLS marketable value of $300,000.00. Defendants Bay View, Plunkett Cooney, et al are deliberately trying to suppress/reduce the marketable value to $200,000.00 by:  a) preventing Plaintiff perform work (without Plaintiff's permission, Bay View removed new bundles of shingles, OSB, ladders, etc. despite Plaintiff possessing a Bear Creek Township Working Permit) necessary to sell the home at its highest marketable value b) preventing Plaintiff from using a Licensed Real Estate Agent who will market the home on the MLS.

III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

As detailed below, Plaintiff requests the Honorable Federal Court's Injunction due to the fact that the taking of his free and clear home is unconstitutional. Moreover, the outrageously stressful "pressure cooker" that the Defendants have imposed on Plaintiff could literally cause Plaintiff irreparable harm via heart attack or stroke. Plaintiff is a Senior Citizen whose civil rights are being violated daily.

A. Where did the events giving rise to your claim(s) occur? 1937 Stephens Lane Bay View/Petoskey, Michigan 49770

B. What date and approximate time did the events giving rise to your claim(s) occur? On or about Friday July 3, 2020 @ 3:00PM; On or about Thursday August 20, 2020 @ 8:30AM; On or about August 18, 2021 (AM and early afternoon); On or about February 7, 2022 @ 5:00PM

C. What are the facts underlying your claim(s)? (For example: What happened to you? Who did what? Mike Spencer (Executive Director of Bay View) and Jake Porath (Superintendent of Bay View) both came onto Plaintiff's property without Plaintiff's prior knowledge or consent on multiple different occasions.

On August 20, 2020 @ 8:30AM Defendants Mike Spencer and Jake Porath appeared on Plaintiff's property at 1937 Stephens Lane, surrounded it, and attempted to have Plaintiff and his wife detained by Tony Presly. Mike Spencer introduced Tony Presly as someone who was hired by Bay View authorized under the laws of the State of Michigan to come onto Plaintiff's property and detain Plaintiff and his wife.

On or about August 18, 2021, Defendants Mike Spencer, Jake Porath, appeared in and on Plaintiff's home at 1937 Stephens Lane to search and seize Plaintiff's personal property such as 2 bikes; log holders; thousands of dollars of bundles of shingles; rooftop safety anchoring system; primed & painted lumber; OSB as roofing underlayment; sheet metal for flashing; ladders; Doc-Box Permit Holder, Bear Creek Township Roofing Construction Permit; etc.

On Monday February 7, 2022 @ 5PM Jake Porath; DTE Gas Technician; Emmet County Sheriff's Officer Chad Johnson; and a Bear Creek Fireman were located on

Plaintiff's front porch as Plaintiff had just walked up the stairs of the Springside Bluff. Due to the fact that 2 or 3 Bay View homes were burned down before Thanksgiving 2021; Due to the fact that Bay View staff and members have previously come onto Plaintiff's property without Plaintiff's prior knowledge or consent; Due to the fact that Defendants Mike Spencer and Jake Porath performed a search and seizure as recently as on or about August 18, 2021 without providing Plaintiff any prior notification or personal service; Due to the fact that Plaintiff had reported to friends and family that there had either been prior wind damage or human sabotage/vandalism; Plaintiff had entirely coincidentally arrived at his home at 1937 Stephens Lane only minutes after Defendants had illegally entered Plaintiff's home under false & staged pretenses and under the color of State law without Plaintiff's prior knowledge or permission. In a setting that was truly not staged, Plaintiff is convinced he would have been and should have been warmly welcomed upon his coinciding visit to his own home. In fact, in a setting that was truly not staged, Plaintiff firmly believes he would have received a "heads-up" phone call from the very person who would have called 911. In this case, however, not only was Plaintiff's home entered under false pretenses:

a)  Plaintiff was never called by Defendant Jake Porath despite Defendant Jake Porath having called 911 about 1937 Stephens Lane
b)  Plaintiff was never warmly welcomed by Defendant Jake Porath when Plaintiff walked up the stairs to 1937 Stephens Lane
c)  Defendant Jake Porath, the very person who called 911 about Plaintiff's home at 1937 Stephens Lane was seen (and captured on video) quickly removing himself from Plaintiff's porch and onto Dwight Johnson's property as soon as he noticed Plaintiff coming up the Springside Bluff stairs.
d)  Not one Defendant greeted Plaintiff with a "...so glad you're here!..." or "Thank God you're here, we've been trying to reach you!"

If Defendants were truly entering Plaintiff's home in "good faith", then it does seem odd that all Defendants seemed so disappointed to see Plaintiff on his own property...no matter how coincidental Plaintiff's arrival happened to be.

Incredibly, a week later after Valentine's Day 2022, Defendant Plunkett Cooney, Defendant Jake Porath, and Defendant Barbara Pfeil submitted written false narratives demanding that Defendant Judge Angela Lasher accept more of Plunkett Cooney's Ex Parte pleadings and issue both Temporary and Permanent Restraining Orders against Plaintiff from entering his own property and home at 1937 Stephens Lane Bay View/Petoskey, Michigan 49770.

In the Petoskey News Review on December 10, 2021, the following statements were published:

**Pfeil, who has worked for Bay View for approximately five years but only became director this month, would only respond to questions via writing, and only after having her statements approved by the association's board chair.**

Pfeil was in her first week as director of the association when the fires occurred, having just taken over from longtime director Mike Spencer. The first of the two fires, in fact, came before Pfeil's official start date of Dec. 1, as cited in public announcements from Bay View. In a press release prior to the incidents, Pfeil described being "thrilled" at the opportunity to carry on Bay View's "rich heritage preserved in our cottages, buildings, and grounds."

The published statement: "…**and only after having her statements approved by the association's board chair." Specifically refers to "Carol Neithercut" when it states "board chair". This demonstrates the level of pressure and control over Bay View's Executive Director (Barb Pfiel) that "Carol Neithercut" exerts.**

Regarding the question: "Was anyone else involved?" Plaintiff hereby alleges that Carol Neithercut, therefore, would have had to sign off or give approval to any actions against Plaintiff committed by Defendant Bay View.

In the Chicago Tribune on February 21, 2021,

Was anyone else involved? Carol Neithercut
Who else saw what happened? Emmet County Badge camera video/audio evidence is available for February 7, 2022 and August 20, 2020. On August 20, 2020 Plaintiff and his wife ordered Defendant Mike Spencer and his privately hired "Arresting/Detaining" agent, Defendant Tony Presly, off of Plaintiff's property…but they refused to go while Defendant Mike Spencer illegally searched Plaintiff's property and took (seized) photos while attempting to detain Plaintiff and his wife on our own property. Neighbors witnessed Defendants Mike Spencer and Jake Porath and Tony Presly perform illegal search and seizures on Plaintiff's property at 1937 Stephens Lane on the dates of August 20, 2020 and on or about August 18, 2021.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

IV. Irreparable Injury

**Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.**

Plaintiff has been a long time resident of Emmet County, Bay View, Petoskey, and Harbor Springs for over 60 years. Plaintiff and his siblings have won numerous Honors & Achievements over the years, which have been subsequently published in the Petoskey News Review. For example, Plaintiff has won the American Legion Award; many basketball championships for and on behalf of the Petoskey High School and at the collegiate level. Plaintiff won the Michigan Huron Shores Conference MVP Award twice. Multiple photos and articles of Plaintiff and his siblings have appeared in the Petoskey News Review too many times to count over a span of years between 1974 and 1980 for both academic and sports. One of his siblings won the State of Michigan's Advanced Spanish Language Contest. The amount of intentional reputational damage to Plaintiff and his family cannot possibly be quantified; it cannot be measured. Moreover, the excessive amount of emotional pain & suffering damage to Plaintiff via abject stress has also exhibited itself in the form of abject physical medical/health irreparable harm. The consistent targeting of Plaintiff has been ongoing, repetitive and without any dire concerns for Plaintiff's physical and emotional health. The non-stop stress imposed by Defendants upon Plaintiff has been unconscionable and without mercy for a Senior citizen; let alone one who is a father of three children. Plaintiff almost died on numerous occasions due to the stress imposed by the fact Plaintiff was and is being sued in the name of the Christian Church---which Plaintiff finds to be an extreme and intolerable violation of his religious rights. If the Michigan Bishop stated he never gave consent to suing Plaintiff in the name of the Christian Church, then how can "Carol Neithercut" or the Board of Trustees pretend to maliciously sue and illegally perform searches & seizures upon Plaintiff against his will? The amount of compensation cannot be measured because the amount of pain & suffering imposed upon Plaintiff cannot be measured. How can one measure the irreparable harm caused to Plaintiff when it is well established that during his formative years he literally grew up in a Christian Parsonage…only for a non-representative of the Christian Church (Bay View Board members) to decide that Plaintiff should be sued in the name of the Christian Church.

Moreover, if Defendants had not illegally searched & seized (particularly seizing Plaintiff's roofing supplies and roofing permit) upon Plaintiff's property (without

notification ever given to Plaintiff or to 1937 Stephens Lane during or prior to September 2021, then Plaintiff's home would have had a new roof installed back in 2021. In fact, to this day in April 2022, Defendants have not provided Plaintiff with any inventory list of things seized back in August 2021. Plaintiff does not know if he will ever get his brand new bundles of shingles and roofing supplies back ever again---thus requiring Plaintiff to re-purchase literally thousands of dollars of new supplies all over again. The roofing work stoppage imposed by Defendant Bay View, despite Plaintiff possessing a legally valid Bear Creek Township Roofing Permit defies all reason. Tremendous loss of work opportunity further precludes Plaintiff from selling his home for the best price and a year prior.

The level of gross disrespect and malice Defendants have imposed upon Plaintiff cannot be measured adequately by monetary compensation. Indeed, monetary compensation is not a magic wand designed to magically reverse the now year(s) of stress, emotional pain, and suffering accumulated by Plaintiff and Plaintiff's family as caused by Defendants.

The coup de gras, mission, and final blow carefully created and manufactured by Defendants---at a minimum, is the taking possession (upon information and belief, if Bay View hasn't done it already, then they are scheduled to do it on Monday April 18, 2022 in Judge Angela Lasher's Emmet County Court) of Plaintiff's home which has been in the family for over 60 years.

On Monday February 7, 2022 Defendant Emmet County Sheriff's Officer Chad Johnson can be heard stating to Plaintiff that Plaintiff has been evicted from his own home by Plunkett Cooney, despite the fact that there had been no eviction proceeding or foreclosure proceeding leading up to Defendant Chad Johnson's personal "eviction" of Plaintiff under the color of State law.

All the elements of the conspiratorial "pressure cooker" created by Defendants against Plaintiff (a male over the age of 60) were and are designed to give Plaintiff a stroke or heart attack via a chronic timeline of severe stress: none of which could be placed in motion without the heavy handed leadership of Defendant Carol Neithercut.

As far as stating the irreparable or "irreplaceable" aspects of the dire need for this Honorable Federal Court's Injunction against all the Defendants, including the Emmet County Court---Defendants Barbara Pfeil and Carol Neithercut state it concisely well themselves on December 10, 2021 in an article published in the "Petoskey News Review" titled:

"BAY VIEW: RECENT LOSS OF COTTAGES IS A LOSS TO THE COMMUNITY"

"Many of the cottages in Bay View have been owned by the same family for generations," said Barbara Pfeil, director of the Bay View Chataqua Association, in a written statement this week. "Family relics and memorabilia are irreplaceable. Thus the loss of a cottage has a huge emotional consequence for a family in addition to any monetary consequence. Everyone loses when a Bay View cottage is lost."

V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include

the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

V. Relief

State briefly what you want the court to do for you. Make no legal arguments.  Do not cite any cases or statutes.

If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

RELIEF:

Plaintiff hereby requests that this Court Order (and if this Court won't Order it then the Bay View Members have the power to Order this themselves via Membership Vote of 2/3) Defendant Plunkett Cooney Law Firm and its lawyers (ie, Defendant James Murray, etc.) be forever precluded from legally advising or representing the Bay View Association and its Board of Trustees ever again in any manner or subject area.

The Defendant Plunkett Cooney Law Firm's false and malicious allegations against Plaintiff Coffey are so far "unhinged" and "off the rails" that its legal judgment, counsel, and litigation strategies must be brought into question not only by the entire Membership of the Bay View Association but also the adjacent local Petoskey community.

Defendant Plunkett Cooney's malicious conduct and behavior toward Plaintiff Coffey behooves the questions:  "Does the Bay View Board of Trustees ever get the opportunity to read the outrageously false narratives written by Defendant Plunkett Cooney, Defendant Jake Porath, Defendant Mike Spencer, and Defendant Barb Pfeil before they are submitted into a Court file?"

The Bay View Board of Trustees is expected to protect its Members from such outrageously false and malicious statements.

It also begs the question:  "Who owns the land and homes of Bay View:  the Members or the hired Administrative Staff?"  According to Defendant Plunkett Cooney, the Members have no ownership interest whatsoever.  If the Membership were asked this question, however, I believe the answer coming back would be a resounding "The Membership owns its individual homes, Mr. Murray, as evidenced by the Real Estate Agents who sell them for a commission."  These are not to be misconstrued as the "Rental Units" that Mr. Murray so falsely pleads in his complaint.

The deliberate obfuscation by Bay View Board of Trustees is setting an unwanted and unfortunate precedent whereby the Board of Trustees keeps the General Membership from being aware of Defendant Plunkett Cooney's malicious and misleading pleadings.

For example, the Lease Contract exhibited by Defendant Plunkett Cooney had such a small font to it that it could not be read by naked eye and without a magnifying glass.  Defendant Plunkett Cooney deliberately misleads the Court into thinking and believing that Defendant Bay View owns the Plaintiff's home; when, in fact, Defendant Bay View and Defendant Plunkett Cooney do not own Plaintiff's home at 1937 Stephens Lane.

Plaintiff hereby requests monetary relief in the following manner:

1) $4000.00 for log terrace replacement
2) $500.00 for refundable deposit for Bay View "Russell Hall" permit
3) $1000.00 for re-imbursement of Plunkett Cooney legal fees
4) $600.00 for sidewalk repair re-imbursement
5) $450.00 for Drost Bill re-imbursement

6)  $3,500.00 for Shingles re-imbursement
7)  $300.00 for Treasure Chest re-imbursement
8)  $5000.00-$12,000.00 for antique metal glider re-imbursement
9)  $500.00 x 4 (eight foot tall)  ceiling jacks
10) $150.00 circular log racks
11) $500.00 for ladders
12) $40.00 for ornate cement pavers & downwater splash blocks
13) $750.00 lumber
14) $400.00 Trax synthetic decking lumber
15) $150.00 aluminum flashing
16) $350.00 two bikes
17) $85.00 in various PVC pipe lengths & diameters
18) $125.00 Rooftop Anchoring system
19) $50.00 ladder jacks
20) $100.00 large cut stones
21) $125.00 double aluminum ladder
22) $100.00 300' of 1" diameter rope
23) $40.00 1" thick stainless steel rectangle 24" x 18"
24) $50.00 DOC-BOX PERMIT POSTING BOX
25) $30.00 plastic tarps for protective covering from weather
26) $4,000.00 refund of Bay View fees for lack of quiet enjoyment in 2020 and 2021
27) $15.00 large pallet for bundles of sealed shingles
28) $20.00 wheelbarrow
29) $3.50 x four 5-gallon plastic buckets
30) $3,000.00 for illegal work/labor stoppage and lost opportunity
31) $31.00 x 3   32 gallon Roughneck plastic garbage containers
32) $55.00 x 1   30 gallon Roughneck rectangular plastic garbage container
33) Plaintiff Coffey hereby prays that this Honorable Court will issue severe punitive
    damages against Defendants for deliberately refusing to post anything or send anything
    to the address of 1937 Stephens Lane Bay View, Michigan 49770 during the primary
    "Occupancy 5eason" between May 1, 2021 and September 1, 2021.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of
my knowledge, information, and belief that this complaint: (1) is not being presented
for an improper purpose, such as to harass, cause unnecessary delay, or needlessly
increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous

argument for extending, modifying, or reversing existing law; (3) the factual
contentions have evidentiary support or, if specifically so identified, will likely have
evidentiary support after a reasonable opportunity for further investigation or
discovery; and (4) the complaint otherwise complies with the requirements of Rule
11.

A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-
related papers may be served. I understand that my failure to keep a current address on
file with the Clerk's Office may result in the dismissal of my case.

Date of signing: *April 14, 2022*

Signature of Plaintiff

Printed Name of Plaintiff *WALTER CHARLES COFFEY III*

*WALTER COFFEY*
*450 Carrie St*
*Sault St. Marie, Mi 49783*
*231 758 6052*

## UNITED STATES DISTRICT COURT WESTERN DISTRICT OF MICHIGAN (NORTHERN DIVISION)

**WALTER COFFEY**

                                                        CASE NO.

Plaintiff,

vs.                                                     HON.

THE PLUNKETT COONEY LAW FIRM,
**THE BAY VIEW ASSOCIATION OF**
**THE UNITED METHODIST CHURCH,**
*a Michigan Summer Resort and Assembly Association,*
**THE BOARD OF THE BAY VIEW ASSOCIATION OF THE UNITED METHODIST**
**CHURCH,** *its governing body,*
*and* **BAY VIEW REAL ESTATE MANAGEMENT,**
**INC.,** *a domestic profit corporation,*

Defendants.

Walter Coffey

400 Carrie Street

Sault St. Marie, Michigan 49783

231 758 6052

wallycoffey@yahoo.com

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Walter Coffey, complains against Defendants as follows:

# Overview

1.  The Bay View Association of the United Methodist Church is a community of residential homes (1937 Stephens Lane is one of approximately 447 homes), short term lodgings, and multi-purpose public buildings on the shores of Lake Michigan's Little Traverse Bay adjacent to the northeast city limits of Petoskey, Michigan.

2.  Bay View was organized under a unique Michigan law that delegates substantial governmental powers to the entity.

3.  As an entity invested with powers and duties of government, Bay View is bound by the Constitutional and statutory prohibitions against establishment of religion and against religious discrimination.

4.  Nevertheless, the Bay View Defendants enforce and perpetuate rules restricting cottage ownership to practicing Christians. Consequently non-Christians, Agnostics, Atheists and

persons identifying as Christians who are not members of, or who do not actively attend, a

church, are prohibited from purchasing cottages in Bay View.

5. This religious discrimination specifically violates the U.S. and Michigan Constitutions, the

Federal Fair Housing Act (42 U.S.C. § 3601 *et seq.*) and Michigan's Elliott-Larsen Civil Rights

Act (MCL § 32.2101 *et. seq.*).

## STANDARD OF REVIEW FOR INJUNCTIVE RELIEF

In determining whether to grant a preliminary injunction or temporary restraining order, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. Overstreet v. Lexington-Fayette Urban County Government, 305 F.3d 566, 573 (6th Cir. 2002); McPherson v. Michigan High School Athletic Ass'n, 119 F.3d 453, 459 (6th Cir. 1997) (en banc). "These factors are not prerequisites, but are factors that are to be balanced against each other." Overstreet, 305 F.3d at 573.

## PLUNKETT COONEY LAW FIRM PETOSKEY, MICHIGAN

1) Malicious Prosecution

2) Plunkett Cooney took photographs on our property and traded & used staged non-dated photographs taken without Plaintiff's prior knowledge or consent. Plaintiff knows that Plunkett Cooney has violated Plaintiff's personal property rights to take photographs without the Plaintiff's prior knowledge or consent. Plunkett Cooney also knows that Plunkett Cooney further violated Plaintiff's rights by publicly disseminating said undated, unapproved, and staged photographs without daring to know the precise provenance of same.

3) Plunkett Cooney entered our home and roof-top.  Plunkett Cooney knowingly caused the illegal seizure (Plaintiff possessed a State of Michigan legal roofing permit via "Bear Creek Township") of literally thousands of dollars of Plaintiff's roofing shingles, ladders, lumber, trax, roofing jacks, roofing rope anchoring system;

4) Violated Federal moratorium on evictions

5) Violations of Federal "Fair Debt Collection Practices Act"

6) Violations of Plaintiff's Constitutional Due Process Rights

7) Upon information and belief, Plunkett Cooney illegally gave Bay View advice to "green light" collusion with the State of Michigan's CPS

MUNICIPALITY OF BAY VIEW, MICHIGAN

1) Contact and collusion with CPS

2) Defamation & Slander & Libel

3) Deliberately spread maliciously defamatory information that Plaintiff's home was owned by Chase Bank via "Foreclosure" when, in fact and truth, Plaintiff's home never ever had a loan of any type in its history since being built circa 1885.  The spread of this false and malicious information caused Plaintiff severe emotional distress.

MIKE SPENCER, individually,

1) Harassment

2) Spoke with CPS officials and refused to inform us of the content of his conversation

3) Provided Bay View BOT with his own "legal advice" that Bay View was not subject to the "Open Meetings Act"

4) Publicly disseminated to other residents of the Municipality of Bay View his own libelous written report about Plaintiff's son circa late August early September 2019. The libelous report was written and publicly disseminated by Mike Spencer and caused Plaintiff's son and Plaintiff's family severe emotional distress. Mike Spencer authored and publicly disseminated this libelous and false narrative document while being a full time employee of the Municipality of Bay View, Michigan. Mike Spencer never bothered to meet or speak with the parents of Plaintiff's son prior to Mike Spencer's authorship and public dissemination.

JAKE PORATH, individually,

1) Harassment

2) Multiple times coming onto Plaintiff's property without Plaintiff given prior knowledge and consent.

3) Violation of Civil Rights and preventing Plaintiff from performing roofing work despite Plaintiff possessing a legal State of Michigan "Roofing Permit" via Bear Creek Township.

EMMET COUNTY MICHIGAN

1) Violation of Plaintiff's Due Process Rights

JURY DEMAND

There are over 400 homes in Bay View, allegedly with a same or similar lease agreement.  Therefore, this matter has a Public Interest component to it.

Plaintiff does not have any debt with Bay View (see EXHIBIT A).  Yet Defendant Bay View and Defendant Plunkett Cooney are determined to take possession of Plaintiff's home.

As an important foundation to this complaint, Plaintiff hereby requests this Federal Court to Order the Preservation of all documents, emails, letters, badge camera videos, photographs, etc. that are in the possession of all parties to this case.

1) Judge Angela Lasher has already entertained herself to approximately a year and a half of "Ex Parte" hearings against Plaintiff.
2) Bay View's Defendant Executive Director has harassed and intimidated Plaintiff and his wife on Plaintiff's own property on multiple occasions during 2017, 2018, 2019, 2020 and 2021, despite being ordered off of same.  Defendant Executive Director of Bay View has exclaimed and shouted that "Walter, there's not a Judge in Emmet County who will care about your Constitutional Rights."
3) The profound bias that Defendant Judge Angela Lasher has displayed against Plaintiff is and has been extraordinary.
4) To have gone the summers of 2020 and 2021 without Defendant Judge Angela Lasher once ordering Emmet County Court "Notice" of her hearings, proceedings, etc. to have been posted on one of the doors of 1937 Stephens Lane, Bay View, Michigan 49770 is vehemently unconstitutional as it relates to due process.
5) To have gone the summers of both 2020 and 2021 without Defendant Judge Angela Lasher once ordering Emmet County Court correspondence to be mailed via USPS, Fed Ex, UPS, etc. directly to the address of 1937 Stephens Lane, Bay View, Michigan 49770 is also vehemently unconstitutional as it relates to due process.  "Notice" and "Notification" is fundamentally intertwined with "Due Process".
6) It begs the Federal Question: How can Defendant Judge Angela Lasher derive her "Subject Matter" jurisdiction over "1937 Stephens Lane Bay View, Michigan 49770" when neither she nor

Bay View's law firm of Plunkett Cooney provide formal notice and due process to "1937 Stephens Lane" Bay View, Michigan 49770?

7) Plaintiff Coffey hereby asserts that these are nascent rights going intentionally unnoticed, unacknowledged, and violated by Defendant Judge Angela Lasher, Emmet County, and Bay View's Plunkett Cooney law firm.

8) Bay View, Michigan 49770 is located only one mile from the Emmet County Courthouse.

9) Bay View, Michigan 49770 possesses its own US Post Office.

10) Bay View, Michigan 49770 possesses its own "zip code" of 49770.

11) Yet neither Defendant Judge Angela Lasher nor Bay View's Plunkett Cooney Law Firm had enough respect for the USA Constitution to employ/deploy and avail themselves of the USA Postal Services of the Bay View, Michigan 49770 Post Office.

12) The culmination of Defendant Judge Angela Lasher's long history of past exhibited profound bias and disregard against Plaintiff's USA Constitutional Rights occurred on February 7, 2022.

13) There have/has been numerous witnesses to the outrageous unconstitutional bias deliberately leveled against Plaintiff.

14) Tim Pickett's statements are hereby made part of this Federal District Court Record.

15) It's bad enough for Defendant Judge Angela Lasher to show her bias and unconstitutional disregard to litigants in open Court; it's defiantly much worse and un-American for Defendant Judge Angela Lasher to employ and deploy her extremely biased judicial heavyweight powers in a stealthy manner against such an innocent litigant as Plaintiff on a wholly "Ex Parte" Basis.

16) There are many Federal Questions.

17) Photos were unconstitutional

18) Ex parte Temporary Restraining Order on 2/15/2022

19) Refusing to recuse herself after the request has been made

20) "Wooded Area" implies something sinister; the only "wooded area" is the "Bay View Woods" over 100 yards away and obscured by dozens of cottages

21) The fact that Defendant Judge Angela Lasher refused to sign the original Plunkett Cooney prepared TRO against Plaintiff is evidence that she did not believe Plunkett Cooney's false narrative.

22) In fact, Defendant Judge Angela Lasher modified the original Plunkett Cooney prepared TRO against Plaintiff by crossing out the following words:  "IT IS FURTHER ORDERED that Defendant be temporarily restrained from tampering with or entering onto any other private property within the Bay View Association of the United Methodist without the express written permission of the owner of the Property and Bay View Association and only during the occupancy season"

23) The fact that Defendant Judge Angela Lasher crossed out the above words implies that she did not believe the maliciously false statements made by Plunkett Cooney; Bay View's Executive Director Barbara Pfiel; and Bay View's Superintendent Jake Porath.

24) In fact, Plaintiff Walter Coffey never "tampered" with or attempted to sabotage his own property at 1937 Stephens Lane Bay View, Michigan 49770 ever at any time.

25) For Defendant Bay View to maliciously falsely allege---a full week after Bay View's Jake Porath had originally initiated the 911 system himself---is not only a fraud on the 911 system it is profoundly a fraud on the Court itself.

26) In a January 25, 2022 Plunkett Cooney letter to the Emmet County Clerk of the District Court, it states: "Enclosed for filing in the above referenced matter are a Notice of Presentment (Under the 7-Day Rule), including Proof of Service and a Proposed Order Granting Alternative Service."

"If no objections are received within the next seven (7) days, please present the proposed Order to Judge Lasher for her review and signature.  Please provide my office with a copy of the entered Order ('Proposed Order Granting Alternative Service') and I will provide for service as indicated."

27) Therefore, without in personam jurisdiction, Defendant Judge Angela Lasher and Defendant Plunkett Cooney violated Plaintiff's Due Process Rights.

28) Without in personam jurisdiction, Defendant Judge Angela Lasher and Defendant Plunkett Cooney took Plaintiff's home from him located at 1937 Stephens Lane Bay View, Michigan 49770.

29) On Wednesday March 16, 2022 Plaintiff emailed Bay View requesting his invoice for all debt owed.  On Thursday March 17, 2022 Plaintiff received a revised account padded with an extra $3,000.00 or more for a total of $13,889.06.

30) On Friday March 18, 2022 Plaintiff paid the alleged debt to zero via Cashier's Check.

31) The caption of and for Case No. 21-0705-LT states "COMPLAINT NONPAYMENT OF RENT Landlord-Tenant" and that "Coffey owes $7,743.41 in rent"

32) Plaintiff Walter Coffey has not yet been personally served.

33) Plaintiff has disputed jurisdiction.

34) Regardless, however, since Bay View has been fully paid for their alleged debt owed, then there cannot be any outstanding Case No. 21-0705-LT.

35) Therefore, Defendant Judge Angela Lasher's extremely biased "Ex Parte Temporary Restraining Order" which she issued on 2/18/2022 based on a Case that did not have personal jurisdiction of Walter Coffey in the first place must spontaneously cease to exist.

36) As a Federal Question:  Can Defendant Judge Angela Lasher's extremely biased and maliciously false "Ex Parte Temporary Restraining Order" emanating from a Case for "NONPAYMENT OF RENT Landlord/Tenant" and advertised as an "Eviction from a Rental Unit" case stand in District Court though that same case has not yet been personally served on Plaintiff Coffey who literally owns the home at 1937 Stephens Lane Bay View, Michigan 49770 with a market value of approximately $300,000.00---which is well in excess of the District Court's monetary cap--- despite the fact that Defendant Plunkett Cooney has demanded possession of such same valuable home owned free and clear by Plaintiff Coffey of any encumbrances, Court imposed or otherwise?

37) Plaintiff hereby invokes the Consumer Protection Act (445.901-445.922) and Trade & Commerces Act 331 of 1976 and Michigan Consumer Protection Act 445.903 whereby it is illegal for Bay View to have and impose unfair, unconscionable, or deceptive methods, acts or practices in conduct of trade or commerce; rules; applicability of subsection (1) (hh).
Section 3 (1) Unfair, unconscionable, or deceptive methods
(a) causing a probability of confusion or misunderstanding as to the source, sponsorship, approval or certification of goods and services.

38) The Bay View lease is severely flawed from a Senior Citizen's perspective at least.
a) The Bay View lease is printed in a font size far too small for the average senior citizen to read.
b) Does every Bay View Member sign an identical lease?
c) Members need to share each other's Bay View leases to compare and contrast for similarities and differences.
d) The Bay View Lease falsely claims ownership of all of 1937 Stephens Lane Block 18 Lot 7 without regard for the home that sits upon the land.
e) Bay View historically allows Members to buy and sell their homes to and from other Bay View Members.
f) Bay View historically allows Real Estate Agencies to market and sell Members homes on a commission basis.
g) Bay View historically allows the Members to keep and deposit the proceeds from the sales/purchases of their Bay View homes.

Bay View Association (BVA) sets different terms, conditions, or privileges for sale or rental of a dwelling---BVA has denied me from contracting with a licensed Real Estate Agent of my choosing. BVA only advertises housing to preferred groups of people who are white & Protestant. BVA has prohibited me from using the MLS to market and sell my home to whomever I want. BVA has ordered me that I must sell my home to my next door neighbors before I sell it to anyone else. BVA illegally suppresses the market value of my home by preventing me from selling to qualified buyers via MLS. BVA has illegally suppressed the market value of my home by stopping my work progress, maintenance, and improvements. BVA has literally stolen thousands of dollars of my brand new bundles of shingles, ladders, rooftop anchoring safety system, porch furniture, etc. despite the fact that I possess a legally vaild "Bear Creek Township" Roofing Permit. BVA stole my shingles & supplies from my own yard. BVA conducts property appraisals in a discriminatory manner. BVA harasses, intimidates, retaliates, interferes (over the past 9 years) with my exercising of fair housing rights

This case is riddled with so many---a multitude---of civil rights violations that it should be required reading and study in every Law School around the globe.

Because that February 7, 2022 badge camera video is going to be there forever, it's going to serve as ubiquitous Bay View lore forever...as well as the "Stand Your Ground" Emmet County camera badge video from August 2020.

The Bay View insults are going to last the rest of our lifetimes; the rest of our children's lifetimes.

If you are Defendant Plunkett Cooney or Defendant Bay View, who needs to file for "Possession" and receive an order for "eviction" when Defendant Judge Angela Lasher will aid and abet your malicious objectives with the judicial trickery of an "EX PARTE TRO" which obviously accomplishes a "de facto eviction".

Given the strategic choice of a formal petition for "Eviction"----or the choice of a "Constructive Eviction"----or the choice of an EX PARTE TRO which would one strategically choose?

That's easy:  just go for the "EX PARTE TRO" if you know the Judge in advance will already give it to you.

The EX PARTE TRO is cheap, fast, and effective---never mind the Federal Questions that arise later or the blatant violation of USA Constitutional Law.  For the more "advanced municipal risk taker"---the EX PARTE TRO is the defiantly unconstitutional way to go.  Just ask Defendant Plunkett Cooney and Defendant Bay View and Defendant Barb Pfeil and Defendant Carol Neithercut.  They'll tell anyone who wants to listen that their brand of **"eviction trickery"** is fast, easy, cheap, and offers a minimum of fuss.  Perhaps, just maybe, they'll write it up in the next issue of the Michigan Law Journal...or maybe they'll caution everyone to please do not attempt this unless you're a known "Sovereign Nation State" or a "Principality" or other form of autonomous land?

Plaintiff Coffey is alleging that the actions of the Michigan State Judicial & Law Enforcement officials, under the color of State law, have and are depriving Plaintiff Coffey of rights protected by the 4th Amendment, 5th Amendment, and 14th Amendment.  Relying upon 42 U.S.C. 1983, Plaintiff Coffey asks for Injunctive and Declaratory relief against the State of Michigan's Emmet County Court proceedings, on the grounds that Michigan laws were and are being unconstitutionally applied by the Emmet County Court so as to cause great and irreparable harm to Plaintiff Coffey.

Because Plaintiff Coffey is pleading under Mitchum vs. Foster (1972), Plaintiff Coffey hereby invokes the exception to the Anti-Injunction Act (AIA).  In fact, Mitchum v. Foster (1972) is the Supreme Court heard case which made the Civil Rights Act a statutory exception to the Anti-Injunction statute; particularly since Plaintiff Coffey can show Defendant Bay View's "bad faith and other extraordinary circumstances".

Indeed, Title 42 U.S.C. 1983, which authorizes a suit in equity to redress the deprivation under color of state law "of any rights, privileges, or immunities secured by the Constitution...," is within that exception of the federal anti-injunction statute, 28 U.S.C. 2283, that provides that a federal court may not enjoin state court proceedings "except as expressly authorized by Act of Congress."  And in this 1983 action, though the principles of equity, comity, and federalism that must restrain a federal court when asked to

enjoin a state court proceeding (cf. Younger v. Harris, 401 U.S. 37, and companion cases) are not questioned, the District Court is held to have erred in holding that the anti-injunction statute absolutely barred its enjoining a pending state court proceeding under any circumstances whatsoever. Pp.228-243

Moreover, Plaintiff Coffey claims that Defendant Judge Angela Lasher's Emmet County Court case is spontaneously over as of the date and time Plaintiff Coffey's Cashier Check was handed over to Bay View on Friday March 18, 2022. Therefore, Judge Angela Lasher's biased Emmet County opportunities to further harm Plaintiff and his family are and ought to be over even without Federal Court intervention.  Nevertheless, Defendant Judge Angela Lasher has proven that she can't even be trusted to allow Emmet County's own spontaneous shutdown of its Court case involving Plaintiff Coffey without this Federal Court's necessary intervention. The most recent irreparable harm---and that which indeed prompts this Federal Court Complaint and Injunctive Request---was that which Defendant Judge Angela Lasher caused on February 18, 2022 by her own hand.  Defendant Judge Angela Lasher's unbelievable and incredulous "EX PARTE TRO" against Plaintiff Coffey will forever be remembered as an egregious violation to Plaintiff Coffey's civil rights.  This case cries out for Federal Court intervention.

Plaintiff Coffey hereby challenges in this Federal Court for Defendant Bay View; Defendant Plunkett Cooney; Defendant Jake Porath; Defendant Barb Pfeil; Defendant Mike Spencer; Defendant Carol Neithercut; Defendant Eric Breisach; Defendant DTE Gas; and any other person to prove a date and time which fits their bogus and malicious lies sworn out on or about February 15, 2022 and directed at Plaintiff Coffey. There is nothing fact specific that anyone can competently testify to that justifies Defendant Judge Angela Lasher holding an Ex Parte hearing against Plaintiff Coffey.  Furthermore, there is nothing fact specific that anyone can competently testify to that justifies Defendant Judge Angela Lasher issuing her Ex Parte TRO on February 18, 2022.

When Defendant Jake Porath was asked: "Why didn't you call me first?"  Defendant Porath had no reply.

When Defendants were asked:  "Why didn't you turn the gas main off outside before you illegally entered my home?"  Defendant's had no sensible or reasonable reply.

If any reasonable person were truly concerned about "danger" from sabotage to a gas line, then the first thing you do is turn off the gas at its exterior source.  Defendants did not do this because they knew there truly was not an unsafe condition to justify it.  It wasn't until Plaintiff Coffey arrived at the scene that such a question was asked. And finally the gas was turned off at its exterior source outside the kitchen at least 10 minutes after Plaintiff Coffey had arrived on the scene at his front porch.  Plaintiff Coffey simultaneously stated that there had been no reason for anyone to illegally enter his home without his prior knowledge or consent.  In other words, by the time Plaintiff Coffey had arrived at the scene (his front porch), people had already entered and exited his home while admitting that they had never bothered to turn the gas off at its exterior source outside the kitchen.

**Illegally entering a USA citizen's home under the contrived notion of a "gas leak" is the oldest "fake story" of bogus "exigent circumstances" in the "Handbook of How To Violate a Homeowner's Constitutional Rights".  It's a particularly problematic defense for the perpetrators when they reveal they never bothered to turn the gas off first.  In other words, a defense doesn't get more exquisitely**

**"bad faith" than when the violators don't bother to turn the gas off upon first arriving at the scene in question.**

PLAINTIFF PLEADS AND ALLEGES FRAUD, MISREPRESENTATION, AND GANGSTERISM  **MCR 2.116 (C) (8)**

Plaintiff alleges civil conspiracy by the following Defendants for their collective trespass (A trespass is an unauthorized invasion upon the private property of another by an actor who intended to intrude). Plaintiff pleads "trespass" occurred on multiple occasions by Mike Spencer and Jake Porath and Tony Presly in summer of 2020 and summer of 2021 and on February 7, 2022): Plunkett Cooney for preparing the Ex Parte TRO and overall strategy; Jake Porath for his false supporting affidavit, call to 911, false and malicious allegation that Plaintiff sabotaged his own gas line, and Defendant Porath had no reply for why he did not call Plaintiff first (231 758 60S2); Defendant Barb Pfeil for filing her false supporting statement on behalf of Bay View; DTE Gas Technician for admitting that he never bothered to first turn the gas off at the external service point just outside the kitchen upon his arrival; Defendant Officer Chad Johnson for omitting so much important information from his written police narrative (Defendant Johnson stated on badge camera that he had to enter Plaintiff's home to locate and remove dead bodies and like Defendant Porath had no answer for why nobody bothered to call Plaintiff first (231 758 60S2)---moreover, Defendant Johnson ordered that Plaintiff could not go into his own home because Plaintiff had been **evicted under the color of State law)** to which Defendant Johnson apparently knew his same written narrative was going to be subsequently used by Plunkett Cooney to create their bogus and malicious "Petition for a TRO"---which Judge Angela Lasher did in fact sign on or about February 18, 2022.

The fact that Defendant Officer Johnson was talking about "eviction" (under the color of State law) there must have been some prior collusion before Defendant arrived at the Plaintiff's home of 1937 Stephens Lane.

In all reality, what should have been done was that Defendant Porath should have called Plaintiff Coffey first.

Defendant Porath could have not only called Plaintiff first and foremost (231 758 6052), but he could have called DTE without the Emmet County Sheriff's involvement. **In other words, DTE readily turns Bay View homeowner's exterior gas valves on and off throughout the year without the need for the Emmet County Sheriff's Officer standing by.** Defendant Porath knows this fact and the DTE Technician knows this fact as well. When Plaintiff Coffey showed up at 1937 Stephens Lane, it appears that Defendant Bay View's conspired "Plan A" was then most decidedly foiled (it is noteworthy that once Plaintiff arrived on site he was definitely not well received with open arms...it was more like "Oh shoot, what the heck is Coffey doing here?". And it took Defendants Plunkett Cooney; Jake Porath; Bay View; Mike Spencer; Barb Pfeil another week before they could fit together the remaining tatters that would become Plan B---a mindless and unconstitutional Ex Parte TRO---never mind the fact that Emmet County Court never once granted Plaintiff's wife a TRO against Defendant Mike Spencer and Defendant Bay View employee, Rance Carpenter, who she complained had been systematically stalking her.

Obviously, as a collective form of **"Gangsterism"**, absolutely none of these Defendant conspirators meant to be "benefactors of good" toward Plaintiff Coffey. On the contrary, these Defendant conspirators were on a collective mission to be "malefactors of evil" toward Plaintiff Coffey.

It is worth noting that it took Defendant Plunkett Cooney more than 7 days (one week) to prepare their malicious Petition for TRO for Co-Defendant Judge Angela Lasher; in fact, it wasn't signed by Co-Defendant Judge Angela Lasher until on or about February 18, 2022. Therefore, the Defendant conspirators had ample time to coordinate and act as much as in concert as is possible. Such evil "week-long conspiratorial preparation" needs to be viewed in stark contrast to the fact that they deliberately dealt with Co-Defendant Judge Angela Lasher on a **completely Ex Parte basis**---intentionally and deliberately and unequivocally excluding Plaintiff Coffey, the very person they are so desperately trying to harm via malicious prosecution or otherwise, from having any say in their conspired matter whatsoever. Seemingly never minding the fact that Plaintiff is the chosen Executor to the enormous Estate of Mary Grosvenor Grannis Mugler, which is largely situated upon billion dollar commercial properties of New York City.

**Who of all these Defendants could possibly have any connection to billionaire Real Estate investors?**

Plaintiff Coffey hereby alleges that Defendant Carol Neithercut has breached her fiduciary duty to Plaintiff and the Members at large of the Bay View Association:

1) Defendant Carol Neithercut admits that she allows her wealthy brother to advise her on Bay View business activity---namely the taking out of loans by Bay View with Citizens National Bank, etc.
2) Defendant Carol Neithercut admits that she allowed Bay View to take out millions of dollars in loans (when Bay View had sufficient deposits and account balances to self-finance itself) for a dock extension construction project **during the pandemic years of 2020 and 2021**, disregarding what adverse economic impact that project might have upon Bay View Members, many of whom are retired or on fixed income or economically suffering due to health problems either directly related to COVID-19 or indirectly related or not
3) Defendants Carol Neithercut and Barb Pfeil didn't allow Bay View to sue the family on Bayside Street who for two years had been in arrears for, upon information and belief, and in excess of $40,000.00 and ultimately an amount that Defendant Barb Pfeil will testify to...
4) Defendant Carol Neithercut and Barb Pfeil didn't allow Bay View to sue the family of Steve Watson who was in arrears for, upon information and belief, upwards to an amount Defendant Barb Pfeil can testify to...
5) Defendant Carol Neithercut in August 18, 2020 pointed her finger at Plaintiff's wife and screamed "You can't talk." This was a violation of the 1st Amendment.

Plaintiff Coffey alleges that New York Real Estate Billionaire Investors are well known to Chicago Real Estate Billionaire Investors.

Plaintiff Coffey alleges that Billionaire Real Estate Investors are known to each other and, from time to time, in fact do communicate with each other.

Plaintiff Coffey alleges that Joseph Chetrit, a New York Billionaire Real Estate Investor, sold Chicago's Sears Tower/Willis Tower circa 2015 for $1.3 billion.

Plaintiff Coffey alleges that billionaire Joseph Chetrit somewhat shortly after selling Chicago's Sears Tower/Willis Tower began his "due diligence" on acquiring some of Plaintiff's Grandmother's Estate "New York City commercial properties" without Plaintiff Coffey's prior knowledge or consent.

Plaintiff Coffey alleges that billionaire Joseph Chetrit purchased either via bad faith or bad title at least one property, namely 2401 Third Avenue NYC, from Plaintiff's Aunt Suzanne Alsop Mugler without Plaintiff's prior knowledge or consent.

Plaintiff Coffey alleges that his Grandmother's Estate (the Estate of Mary Grosvenor Grannis Mugler) owned 2401 Third Avenue along with Plaintiff's mother ("Mary Anne Mugler Coffey").

Plaintiff Coffey alleges that via "Bad Title" his Grandmother's commercial property (and mother's) at 2401 Third Avenue NYC now has a billion dollar development sitting on it.

Defendant Carol Neithercut, on or about August 18, 2020, had the audacity to declare to Plaintiff Coffey: "There's a lot you don't know!"

For the judiciary to allow the physical demise via intentional, permanent, and irreparable harm to Plaintiff Coffey will forever prevent forensic discovery on the mal-behavior of not only these Defendants, but also the mal-behavior surrounding the business dealings between Suzanne Alsop Mugler and Joseph Chetrit...and others.

The Bay View "racist" letter authored by the Bay View President, which is owned and possessed by Plaintiff Coffey, further compounds the difficulty in locating a "safe harbor" for Plaintiff and his family.

Does Bay View retaliate?  Yes, indeed.

The crescendo effect of desperation and panic upon Bay View's Administrative Elite is evidenced most by their collective actions on February 7, 2022 and the weeks subsequent to it.  Said evidence should be more than enough for onlookers and bystanders to quip:  "What more can Bay View do to maliciously and illegally harm Plaintiff Coffey; short of killing him?"

Is the Federal Court really going to allow Defendant Angela Lasher to preside ever again over a case involving Plaintiff Coffey? Upon information and belief, Defendant Judge Angela Lasher has patently refused to recuse herself from ruling over the life and safety of Plaintiff Coffey. She has already allowed Plaintiff Coffey to be character assassinated in broad daylight. What more would the Federal Court want or allow her to do to Plaintiff Coffey? Already there's too much bad faith, harassment, and unusual circumstances coming out of Emmet County.

There's a great deal that this Federal Court can protect Plaintiff from Defendants' harm: harassment, bad faith, unusual circumstances, stalking, etc.

Don Duquette, a former Bay View Board member and Chief litigant against Bay View in Federal Court (2017-2019) personally requested to have and to take possession of the Bay View President's racist letter which Plaintiff Coffey is the only individual to possess said letter. Don Duquette said "Bay View would never want that letter to see the light of day." Unfortunately, retaliation is a common trait of human and mob behavior. Bay View is proof that sacrilegious retaliatory harassment, stalking, and "bad faith" can even attempt to take umbrage under the name of the Christian Church.

Indubitably, Defendant Judge Angela Lasher has already demonstrated such gross bias toward and against Plaintiff Coffey during these Pandemic years of 2020, 2021, and 2022: that Plaintiff Coffey argues that no reasonable person similarly situated would ever dare to place their faith, trust, and life itself in and before the non-objective, prejudicial, and highly biased mindset as a Judge who has so repetitively displayed chronic bias and prejudice against same individual.

Defendant Judge Angela Lasher knew about Plaintiff Coffey's most serious and life threatening medical issues as early as December 2020 and still refused to stop harming him. Plaintiff Coffey alleges that the fix was in to have Plaintiff Coffey railroaded no matter what...and to bulldoze over Plaintiff Coffey's rights...even while he was being hospitalized.

Defendant Judge Angela Lasher among other civil rights abuses against Plaintiff Coffey, has permitted Defendant Bay View, Defendant Plunkett Cooney, Defendant Carol Neithercut, et al to paint, frame, portray, and outright falsely maliciously allege Plaintiff Coffey's character into something "low-brow" that it is not.

In fact, more than one Bay View member has personally informed Plaintiff Coffey that Defendant Bay View and Defendant Plunkett Cooney and Defendant Judge Angela Lasher categorically do not know Plaintiff Coffey. These Bay View members have expressed grave concern that none of these Defendants have ever bothered to interview them about actually "who" is Plaintiff Coffey and what constitutes his overall character?

In other words, these Bay View members who know Plaintiff Coffey insist that Defendants are dishonestly and maliciously mis-framing, mis-portraying, mis-coloring, and intentionally defaming Plaintiff Coffey's character and good name.

Defendant Bay View Association (BVA) sets different terms, conditions, or privileges for sale or rental of a dwelling---BVA has denied Plaintiff from contracting with a licensed Real Estate Agent of his choosing. BVA historically only advertises housing to preferred groups of people who are white & Protestant. Defendant BVA has prohibited Plaintiff from using the MLS to market and sell his home to whomever the marketplace yields. BVA has ordered Plaintiff that he must sell his home to his next door neighbors before he sells it to anyone else. BVA illegally suppresses the market value of Plaintiff's home by preventing Plaintiff from putting a new roof on his home and by preventing Plaintiff from selling to qualified buyers via MLS.  Defendant BVA has illegally suppressed the market value of Plaintiff's home by stopping all work progress, maintenance, and improvements. Defendant BVA has literally stolen thousands of dollars of Plaintiff's brand new bundles of shingles, ladders, rooftop anchoring safety system, porch furniture, etc. despite the fact that Plaintiff possessed a legally valid "Bear Creek Township" Roofing Permit.  Defendant BVA stole my shingles & supplies from Plaintiff's own yard. Defendant BVA conducts property appraisals in a highly discriminatory manner. Defendant BVA harasses, intimidates, retaliates, interferes (over the past 9 years) with Plaintiff's exercising of fair housing rights.

At one point, in mid-August 2021, Defendant Mike Spencer was seen driving through Bay View with Plaintiff Coffey's expensive and rare $5,000.00 to $12,000.00 antique metal porch glider (newly re-painted in Rust-Oleum yellow) in the back of his pick-up.

At the helm of these civil rights abuses has at all times been the forecasted abuses of Defendant Judge Angela Lasher.  Plaintiff states and invokes "forecasted abuses" due to the shouted claims and proclamations in August 2020 of and by Bay View's Executive Director:  Mike Spencer.  Defendant Mike Spencer proclaimed for everyone to hear on the morning of August 19, 2020 as he was deliberately and intentionally violating Plaintiff's civil rights:  that "Walter, there's not a Judge in Emmet County who will uphold your USA Constitutional Rights."  Indeed, Defendant Mike Spencer shouted and **forecasted** that no Emmet County Judge would uphold Plaintiff's US Constitutional Rights.  How could Defendant Mike Spencer, in hindsight, be so accurately correct in the future prediction of Defendant Judge Angela Lasher?

The reason that Defendant Judge Angela Lasher is not entitled to immunity from civil prosecution is due to the following:

1) Relentless and ongoing damage to Plaintiff Coffey via Defendant Judge Angela Lasher's incessant Ex Parte abuses (and lack of appropriate "Notification Process" to Plaintiff during 2020, 2021, and 2022 (in fact, as recently as February 18, 2022 Defendant Judge Angela Lasher signed an Ex Parte Order which violated Plaintiff's 4th Amendment; 5th Amendment; and 14th Amendment Federal Rights.

2) Defendant Judge Angela Lasher, like quicksand, is in too deep and mired now in her own judicial abuses to such a degree that she is now---unequivocally dangerous to Plaintiff and his family.

3) Defendant Judge Angela Lasher is so enamored with her "enjoyment of immunity" that it has ruined her objectivity and judgment to such a degree that she can't perform the tasks of a reasonable Judge.

4) Plaintiff Coffey alleges that Defendant Judge Angela Lasher's rule has been so absolutely horrendous that the unequivocal message loud and clear conveyed from Defendant Judge Angela Lasher to Defendant Plunkett Cooney to Defendant Barb Pfeil to Defendant Mike Spencer to Defendant Jake Porath to Defendant Chad Johnson to Defendant Carol Neithercut is: "I've got your back! You can do whatever you want to Plaintiff Coffey---I don't care how outrageous your lies, defamation, slander, and libel against Plaintiff Coffey"---"I still got your back!"---"Don't just get Plaintiff Coffey; annihilate him!" Plaintiff hereby states to this Honorable Federal Court that Plaintiff Coffey is being illegally pursued by corrupt "mob mentality" under the color of State Law.

5) Bay View friends observing this ongoing Emmet County judicial tyranny actually call it a "conspiracy" to selectively and discriminatorily annihilate Plaintiff Coffey.

6) Emmet County Sheriff's Officer "Chad Johnson" omitted many key facts from his "Police Report Narrative". Defendant "Chad Johnson" omitted the fact that Plaintiff Coffey did not come out of a "wooded area".

7) Defendant "Chad Johnson" also omitted the fact that Plaintiff Coffey asked Defendant Jake Porath "Why didn't you call me first?"

8) Defendant "Chad Johnson" also omitted the fact that Plaintiff Coffey communicated the following to Defendant Johnson; Defendant Jake Porath; and the DTE Technician who were all simultaneously onsite at 1937 Stephens Lane: "The gas has been turned off on the outside." To which they said "No, it's not." Then Plaintiff Coffey stated then "Why did you have to go inside when you could have just turned it off from the outside?" To which Defendant Johnson stated that he had to go inside because he was under the impression that there were dead bodies inside because he believed humans were living in there. Plaintiff Coffey stated: "How ridiculous, no there's not. It's the middle of winter and you as an Officer would know that nobody lives in Bay View in the middle of winter." To which Defendant Chad Johnson stated: "No, I did not know people could not live in Bay View in the winter."

9) So, as friends and Bay View neighbors have stated to me: "What are the chances of the only home that Defendant Chad Johnson illegally entered this winter under the color of State Law (out of over 400 Bay View homes) just happened to be the Bay View home of the only family in Bay View who has several Federal lawsuits pending against Defendant Plunkett Cooney; Defendant Mike Spencer; Defendant Jake Porath; Defendant Bay View; Defendant Carol Neithercut. Plaintiff Coffey asks this honorable Federal Court: What are the odds of Federal Lawsuit Plaintiff Coffey's home being illegally entered under the color of State Law when---upon information and belief---Plaintiff Coffey is currently the only Bay View member (out of almost 1000 members) whose family has had Federal Lawsuits pending against Defendant Bay View; Defendant Mike Spencer;

Defendant Jake Porath; Defendant Carol Neithercut; Defendant Plunkett Cooney and its individual attorneys?

In late August 2020, in an effort to cloud over Bay View's enormous civil rights violations the week earlier, Bay View, in an effort to display that the best defense against its civil rights abuses is an offense, filed suit against Plaintiff, thereby taking protective umbrage from US Constitutional Law within Judge Angela Lasher's Emmet County Court.

Indeed, it turned out that Defendant Mike Spencer's proclamation: "Walter, there's not a Judge in Emmet County who will uphold your USA Constitutional Rights."; was too right.

The fact that so many civil rights violations were allowed to occur under Judge Angela Lasher's reign over the US Constitution is precisely why there was no choice but to name her as a Defendant.

When the abuses are so serious; when the abuses are so repetitive; when the abuses shock friends and neighbors and complete strangers, judicial immunity does not apply as a defense for trouncing on and all over a senior citizen's sacred Civil Rights.

42 U.S.C. 1983 allows a person to sue in federal court for violations of federal constitutional rights.  In *Mitchum v. Foster (1972),* the Supreme Court held that Section 1983 "expressly authorizes" federal injunctions of state proceedings because its purpose was to "interpose the federal courts between the States and the people" and to enforce the Fourteenth Amendment against State action, "whether that action be executive, legislative, or judicial." Thus, the federal district court in *Mitchum* could lawfully issue an injunction preventing a Florida state court from issuing a temporary restraining order that violated *Mitchum's* First and Fourteenth Amendment rights.

The Expressly Authorized Exception

Under the **"Expressly Authorized Exception",** federal courts can enjoin state court proceedings "as expressly authorized by Act of Congress." The theory behind the exception is that, by expressly allowing stays of state court proceedings pursuant to certain statutes, Congress validly overrides limitation that it imposed in the "Anti-Injunction Act". To fall within the exception, the Supreme Court has held, a statute "need not expressly refer to" the AIA, but it must "clearly create a federal right of remedy enforceable in a federal court [that] could be given its intended scope only by the stay of state court proceeding."

The major Supreme Court cases interpreting the "Expressly Authorized Exception" are *Mitchum v. Foster* and *Vendo Co. v. Lektro-Vend Corp.*

**EMMET COUNTY "JUDGE ANGELA LASHER" NAMED AS A DEFENDANT**

Judge Angela Lasher is hereby named as a Defendant in this Federal lawsuit for a variety of abuses and civil rights violations to Plaintiff:

Count I: Defendant Judge Angela Lasher allowed Defendant Plunkett Cooney to submit as evidence in 2020 undated, outdated staged photographs of Plaintiff's home in which Defendant Bay View violated US Constitutional law to take them. In other words, the photographs were illegally acquired regardless how staged, undated, and outdated that they are or were. Indeed, some of the outdated illegally acquired photos are more than 8 years old and pre-date Defendant Mike Spencer's and Defendant Jake Porath's employment at Bay View.

Count II: Defendant Judge Angela Lasher allowed her case to progress without Plaintiff ever being personally served. Plaintiff Coffey was never personally served at any time in 2020, 2021, and 2022.

Count III: Defendant Judge Angela Lasher never provided Plaintiff Coffey with any Notice of her most abusive 2021 proceedings by allowing her Emmet County Clerk and Plunkett Cooney to send mail to distant places like P.O. Box 95 in Cedar, Michigan where they knew that Plaintiff was not located.

Count IV: Defendant Judge Angela Lasher never provided Plaintiff Coffey with any Notice of her most abusive summer 2021 proceedings by not serving Notice upon the very thing and address that she alleged she had concrete "Subject Matter" jurisdiction of and over: that "thing" being Plaintiff Coffey's home and address of 1937 Stephens Lane Bay View, Michigan 49770.

Count V: Defendant Judge Angela Lasher never had anything of Notice pasted, plastered, or adhered to any door of 1937 Stephens Lane Bay View, Michigan 49770 during the years 2020 and 2021.

Count VI: Defendant Bay View Administration had a duty to inform the Emmet County Court that Plaintiff Coffey was indeed in Bay View during the year 2021. Plaintiff Coffey personally entered Bay View's Administrative Office to literally pay cash for his membership, etc. In fact, Bay View's Administrative Staff personally wrote handwritten cash receipts to Plaintiff Coffey at the Administrative Office Counter on multiple occasions throughout the summer of 2021.

Count VII: Neither Defendant Bay View nor Defendant Judge Angela Lasher ever gave Plaintiff Coffey Notice that she had personally ordered Defendant Bay View's Executive Director Mike Spencer and Superintendent Jake Porath to enter Coffey's home, porch, rooftops, and yard to personally remove, destroy, "mess with" Plaintiff's personal property, home, porch, rooftops, and yard.

Count VIII: Neither Defendant Bay View nor Defendant Judge Angela Lasher ever gave Plaintiff Coffey Notice that she had personally ordered Defendant Bay View's Executive Director Mike Spencer and Superintendent Jake Porath to remove Plaintiff Coffey's personal property from his porch, rooftops, and yard. In particular, Defendant Bay View's Executive Director Mike Spencer and Superintendent Jake Porath removed literally thousands of dollars of neatly stacked, covered, and placed (on a pallet) brand new sealed bundles of architectural shingles; rooftop anchoring system; ladders; fine lumber; new ceiling jacks; etc. To date neither Defendant Mike Spencer nor Defendant Jake Porath has provided a detailed inventory of what was taken. To date neither Mike Spencer nor Defendant Jake Porath has provided a location where such valuables were taken to.

Count IX:  At all times while Defendant Bay View illegally removed the thousands of dollars of Sealed Bundles of Roofing Shingles, supplies, ladders, etc. Plaintiff Coffey possessed a "Bear Creek Township" Roofing Construction Permit.  Both Defendant Bay View and Defendant Judge Angela Lasher, therefore, in addition to violating Plaintiff Coffey's Property Rights under the USA Constitution; they also defied and violated the **State of Michigan's legally valid "Bear Creek Township" Roofing Construction Permit**.

Count X: Malice via stealth proved: the week before Defendant Superintendent Jake Porath illegally and unconstitutionally removed thousands of dollars of Plaintiff Coffey's personal property, shingles, OSB, aluminum flashing, etc. Plaintiff Coffey entered the Administration Building front office to make another one of his cash payments.  As soon as Plaintiff Coffey entered the front door and approached the payment counter, Defendant Jake Porath just happened to be present about six feet away.  Defendant Jake Porath's Office is at Russell Hall several hundred yards away.  Defendant Porath and Plaintiff Coffey made eye contact acknowledging each other's presence.  Incredibly, Defendant Porath refused to inform Plaintiff Coffey about what was being planned against Plaintiff Coffey's personal property.  In other words, since witnesses have identified Defendant Jake Porath and Defendant Mike Spencer to have been the Bay View officials on Plaintiff Coffey's property violating Plaintiff Coffey's rights under his State of Michigan Roofing Construction Permit, etc. on that mid-August 2021 day, then that proves Defendant Jake Porath's malicious bad faith against Plaintiff Coffey.  Defendant Porath had every opportunity to provide Plaintiff Coffey of what was being planned against Plaintiff Coffey for just a few days later.  Defendant Porath did not even say "Hello" to Plaintiff Coffey in that Administrative Office that day.  Plaintiff Coffey did not expect Defendant Porath to take Plaintiff Coffey's cash and write a receipt for Plaintiff Coffey.  It was, however, Defendant Porath's obligation to step up to the Counter and provide either verbal or written notice of what Defendant Judge Angela Lasher had authorized Defendant Porath to do in just a few day's from that point in time.  Keeping Plaintiff Coffey in the dark about such a diabolical plot against him is evidence of pure malice toward Plaintiff Coffey.

Count XI:  In the fall of 2020, Plaintiff Coffey paid what was advertised as a "Refundable $500.00" for a "Permit" through Defendant Jake Porath's "Russell Hall".  To date, neither Defendant Jake Porath or his "Russell Hall" have refunded that money.

Count XII: Defendant Judge Angela Lasher allowed Defendant Bay View to commit Tortious Interference with Plaintiff's (2019) contract with Drost Landscaping.

Count XIII: Defendant Judge Angela Lasher has allowed Defendant Bay View to continue its chronic effort to preclude Plaintiff Coffey from any "Quiet Enjoyment" of his property at 1937 Stephens Lane Bay View, Michigan 49770.

Count XIV: Preventing Plaintiff from getting Plaintiff's home ready for sale by unbelievably absurd interference with Plaintiff Coffey's Roofing Tear-off and Re-Construction despite Plaintiff Coffey possessing a legally valid "Bear Creek Township" Roofing & Construction Permit.

Count XV: Defendant Judge Angela Lasher has refused to recuse herself from her chronic pattern of civil rights abuses of and against Plaintiff Coffey, the violations of which have been so egregious that any similarly situated judicially victimized male senior citizen would have requested her recusal as well.

{Defendant Judge Angela Lasher's singular sole action of ordering Defendant Bay View to thieve all of Plaintiff Coffey's thousands of dollars of brand new sealed bundles of roofing shingles while Plaintiff Coffey simultaneously held a legally valid "Bear Creek Township" Roofing and Construction Permit, alone and by itself, is sufficient to request/demand Defendant Judge Angela Lasher's recusal. **In fact, would/could any Michigan male senior citizen argue that a survey comprised of Michigan's male senior citizens would overwhelmingly dictate that Defendant Judge Angela Lasher's ordering of the theft of male senior citizens' "brand new sealed bundles of roofing shingles while simultaneously holding a legally valid Township Roofing and Construction Permit" is grounds to demand a judicial recall of either her County election or her judicial appointment by State Governor? On the one hand, Defendant Bay View asks for work progress; on the other hand, Defendant Bay View blocks, harasses, and categorically stops all work progress.**

Count X:  Just when it seems that this case could not get much worse (and that defaming Plaintiff Coffey in the Lower Peninsula's Emmet County Court just wasn't sufficient for Plunkett Cooney's network of branch offices throughout the State of Michigan), the evidence shows that Defendant Plunkett Cooney Law Firm's **John Deegan Esq.** seemingly stalked Plaintiff Coffey by coming into---despite being asked to first recuse himself a week earlier--- the Upper Peninsula's Chippewa County Court in Sault St. Marie, Michigan as recently as March 15, 2022 and dishonored the Court by his own prevarications when at about 10:05am Defendant Deegan made his claim of "see no evil; hear no evil" by stating on the record that he, Defendant John Deegan, knew nothing about Plaintiff Coffey & Bay View only to completely contradict himself minutes later at about 10:20am when Defendant Deegan exclaimed in a most desperately defamatory manner toward Plaintiff Coffey before the Honorable Judge Eric Blubaugh the following---after Defendant John Deegan was caught laughingly scowling at Plaintiff Coffey along with Defendant Grant of Traverse City, Michigan (and the two attorneys were summarily rebuked by Plaintiff Coffey's wife for their unprofessional antics)---"...**{Plunkett Cooney} has a long history of ridiculous litigation with these (Coffey) folks...I do find it absolutely deplorable!**"


Count X:  Indeed, Defendant Plunkett Cooney's concerted effort to defame Plaintiff Coffey has reached a crescendo effect where and when the next malicious fabrication about Plaintiff Coffey's character hasn't been sufficient enough to completely destroy him or must be publicly outdone by a more vicious *character* assassination attempt because now Plaintiff Coffey has filed this Federal lawsuit against Defendant Bay View and its Defendant Administrative Staff...or now its become too personal for Defendant Plunkett Cooney because Plaintiff Coffey's wife has filed her own Federal lawsuit against Defendant Plunkett Cooney and also because Plaintiff Coffey's wife has filed a grievance with the Attorney Grievance Commission against Defendant Plunkett Cooney's attorneys.

Count XVI: Sidewalk damage caused by Drost's Tractor driving on our sidewalk; therefore, Plaintiff Coffey is not responsible for sidewalk repairs caused by Drost's Tractors.

Count XVII: Defendant Bay View cannot impose the Drost Bill on Plaintiff Coffey since Defendant Bay View was not a party to that original contract which Plaintiff Coffey claims went unfulfilled and

incomplete by Drost. Drost is not a party to this matter and Defendant Bay View cannot pretend to represent Drost Landscaping.

Count XVIII: Likewise, Defendant Bay View cannot impose upon Plaintiff Coffey sidewalk damage caused by Drost Tractor tires. Plaintiff Coffey provided photographic proof to next door neighbors Whitmer family of Drost Tractor tires on the sidewalk and consequently Defendant Bay View did not charge the Whitmer family…ironically Defendant Bay View and Defendant Jake Porath have charged Plaintiff Coffey for same.

Count XIX: Prevention of preparation for home sale.

Count XX: $300.00 for removal of contents of Treasure Chest on front porch.

Count XXI: Anxiety knowing that bad faith actors for and on behalf of Bay View have ripped shutters from their hinges; broken windows; removed personal property; removed neatly stacked fireplace logs; removed fireplace log rings; by Defendant Judge Angela Lasher illegally banning Plaintiff from his own property on an absurdly EX PARTE basis {**MCL 600.2918 "Michigan Anti-Lockout Statute" provides as follows: a) any person who is ejected or put out of any lands and tenements in a forcible and unlawful manner, or being out is afterwards held and kept out, by force, is entitled to recovery three times the amount of his actual damages or $200.00 whichever is greater, in addition to recovering possession. b) Any tenant in possession of premises whose possessory interests has been unlawfully interfered with by the owner is entitled to recovery the amount of his actual damages or $200.00 whichever is greater, for each occurrence and, if possession has been lost, to recover possession.**} adds to Plaintiff's anxiety, shock, anguish, mental pain, shame, mortification, humiliation, and utter disbelief in the midst of a Pandemic and only weeks after three Bay View homes were burned via arson by a 12 year old. Why then is it so unreasonable for a Member to check on his Bay View home only a couple of months after three Bay View homes were burned down. Defendant Judge Angela Lasher not only violated the US Constitutional law but also Michigan law. Defendant Judge Angela Lasher has zero evidence that Plaintiff Coffey tampered or sabotaged his own property, yet she has constructively evicted Plaintiff Coffey from either maintaining or even checking on his own home.

Count XXII: Defendant Bay View Superintendent Jake Porath thoroughly satisfies the "Trickery" element to the Unlawful Violation of the "Michigan Lock-Out Statute".

Count XXIII: Defendant Plunkett Cooney and Defendant James Murray falsely claimed in writing that he would take possession of Plaintiff Coffey's home because it was---as he so illegally described it---as a "rental unit" when nothing could be further from the truth. Plaintiff's home at 1937 Stephens Lane Bay View, Michigan 49770 is an actual home which is owned "free & clear" of any encumbrances or liens or fines or bank loan.

Count XXIV: US Code 241-Conspiracy Against Rights: If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State…in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same, or…They shall be fined under this title…

RELIEF:

Plaintiff hereby requests that this Court Order (and if this Court won't Order it then the Bay View Members have the power to Order this themselves via Membership Vote of 2/3) Defendant Plunkett Cooney Law Firm and its lawyers (ie, Defendant James Murray, etc.) be forever precluded from legally advising or representing the Bay View Association and its Board of Trustees ever again in any manner or subject area.

The Defendant Plunkett Cooney Law Firm's false and malicious allegations against Plaintiff Coffey are so far "unhinged" and "off the rails" that its legal judgment, counsel, and litigation strategies must be brought into question not only by the entire Membership of the Bay View Association but also the adjacent local Petoskey community.

Defendant Plunkett Cooney's malicious conduct and behavior toward Plaintiff Coffey behooves the questions: "Does the Bay View Board of Trustees ever get the opportunity to read the outrageously false narratives written by Defendant Plunkett Cooney, Defendant Jake Porath, Defendant Mike Spencer, and Defendant Barb Pfeil before they are submitted into a Court file?"

The Bay View Board of Trustees is expected to protect its Members from such outrageously false and malicious statements.

It also begs the question: "Who owns the land and homes of Bay View: the Members or the hired Administrative Staff?" According to Defendant Plunkett Cooney, the Members have no ownership interest whatsoever. If the Membership were asked this question, however, I believe the answer coming back would be a resounding "The Membership owns its individual homes, Mr. Murray, as evidenced by the Real Estate Agents who sell them for a commission." These are not to be misconstrued as the "Rental Units" that Mr. Murray so falsely pleads in his complaint.

The deliberate obfuscation by Bay View Board of Trustees is setting an unwanted and unfortunate precedent whereby the Board of Trustees keeps the General Membership from being aware of Defendant Plunkett Cooney's malicious and misleading pleadings.

For example, the Lease Contract exhibited by Defendant Plunkett Cooney had such a small font to it that it could not be read by naked eye and without a magnifying glass. Defendant Plunkett Cooney deliberately misleads the Court into thinking and believing that Defendant Bay View owns the Plaintiff's home; when, in fact, Defendant Bay View and Defendant Plunkett Cooney do not own Plaintiff's home at 1937 Stephens Lane.

Plaintiff hereby requests monetary relief in the following manner:

        34) $4000.00 for log terrace replacement

35) $500.00 for refundable deposit for Bay View "Russell Hall" permit

36) $1000.00 for re-imbursement of Plunkett Cooney legal fees

37) $600.00 for sidewalk repair re-imbursement

38) $450.00 for Drost Bill re-imbursement

39) $3,500.00 for Shingles re-imbursement

40) $300.00 for Treasure Chest re-imbursement

41) $5000.00-$12,000.00 for antique metal glider re-imbursement

42) $500.00 x 4 (eight foot tall)  ceiling jacks

43) $150.00 circular log racks

44) $500.00 for ladders

45) $40.00 for ornate cement pavers & downwater splash blocks

46) $750.00 lumber

47) $400.00 Trax synthetic decking lumber

48) $150.00 aluminum flashing

49) $350.00 two bikes

50) $85.00 in various PVC pipe lengths & diameters

51) $125.00 Rooftop Anchoring system

52) $50.00 ladder jacks

53) $100.00 large cut stones

54) $125.00 double aluminum ladder

55) $100.00 300' of 1" diameter rope

56) $40.00 1" thick stainless steel rectangle 24" x 18"

57) $50.00 DOC-BOX PERMIT POSTING BOX

58) $30.00 plastic tarps for protective covering from weather

59) $4,000.00 refund of Bay View fees for lack of quiet enjoyment in 2020 and 2021

60) $15.00 large pallet for bundles of sealed shingles

61) $20.00 wheelbarrow

62) $3.50 x four 5-gallon plastic buckets

63) $3,000.00 for illegal work/labor stoppage and lost opportunity

64) $31.00 x 3   32 gallon Roughneck plastic garbage containers

65) $55.00 x 1   30 gallon Roughneck rectangular plastic garbage container

66) Plaintiff Coffey hereby prays that this Honorable Court will issue severe punitive damages against Defendants for deliberately refusing to post anything or send anything to the address of 1937 Stephens Lane Bay View, Michigan 49770 during the primary "Occupancy Season" between May 1, 2021 and September 1, 2021.

Why didn't you just shut the gas off from the outside?

Plaintiff told the Sheriff's Officer that he did not have "Exigent Circumstances".

Plaintiff asked why the gas had not been shut off in the fall?  The DTE Technician stated he don't know why...that the gas was still on.

Plaintiff asked him why he didn't turn it off outside before he entered my home?  To which the DTE Technician had no satisfactory answer.

Plaintiff asked Jake why he didn't call me?  To which Defendant Jake Porath had no satisfactory answer.

Plaintiff believes it must be exhausting for Emmet County and Defendant Bay View Association, Defendant Barbara Pfiel, Defendant Mike Spencer, Defendant Jake Porath, Defendant to keep up and maintain this charade along with malicious character assassination.

Bay View does not own a Bay View Member's home.

Members may buy and sell Bay View homes as they choose and see fit to do so.

Occupancy:  as defined by Bay View is between May 1 and November 1 of each year.

Defendant Barbara Pfiel and Defendant James Murray unbelievably state in paragraph (16) on page 3 of their Ex Parte Petition (which by its very inherent nature is designed not to provide either Notice or "Due Process" to the offended party): **"Further, (Barbara Pfeil & James Murray)  believes that notice to Coffey of this (Ex Parte) Motion could, in and of itself, precipitate adverse action on the part of Coffey unless the notice itself includes restraining language prohibiting him from tampering with or entering upon the lands of Bay View, including the Property, until further order of this Court."**

Yes, of course, if Defendant Pfeil and Defendant Murray were at all concerned that the adverse action on the part of Coffey was to make them both Defendants in a US Federal lawsuit, then indeed they were/are and have been correct.

As long time Bay View Member, Robert F. Whitmer Esq., stated just months before he died:  "It's time for Bay View to get rid of its front office managers and Administrative staff and hire a Management Company...it would cut Bay View's Administrative costs by 50% and be much more professional."

Plaintiff, in violation of his civil rights is to..."**Be temporarily restrained from tampering with or entering onto any other private property within the Bay View Association of the United Methodist Church without the express written permission of the owner of the Property and Bay View Association and only during the occupancy season;"**

**"I DECLARE THAT THE STATEMENTS ABOVE ARE TRUE TO THE BEST OF MY INFORMATION, KNOWLEDGE AND BELIEF."**

Signed by Barbara Pfeil

Federal Lawsuit Defendant as the Executive Director of the Bay View Association

Signed by James Murray, Esq. (P40413)

Defendant Lawyer, Legal Advisor and Chief Litigation Strategist for Bay View's Malicious Prosecution of Petoskey High School Graduate (1979) & American Legion Award Winner:  Walter Coffey

Defendants supply a Pack of lying innuendo

Lastly, it should come as an amazing revelation to anyone following this case:

67) Defendant Bay View, Defendant Jake Porath, Defendant James Murray completely failed to post any Notice relevant to "Subject Matter Jurisdiction of 1937 Stephens Lane" upon either the land or the doors of the home at 1937 Stephens Lane in all of 2020 and through to September 2021 during the principal part of the "Occupancy Season".

68) Defendant Bay View, Defendant Jake Porath, Defendant James Murray through their own admissions did choose and opt to post on the doors of 1937 Stephens Lane Bay View, Michigan on February 7, 2022 in the dead of winter when nobody occupies any home in Bay View until on or about May 1, 2022.

COI

Bay View Member

All Bay View Members pay for the services Plunkett Cooney provides the Bay View Association

Therefore, it should be deemed a gross COI for Plunkett Cooney to sue one of Bay View's own Members.

Cooney has permitted and allowed the defamation and civil rights abuses of a longstanding and well known Petoskey resident: Walter C. Coffey III

Plaintiff pleads that Defendants have had no concern for Coffey's health and medical crisis during the Pandemic years of 2020, 2021, and 2022

Plaintiff pleads Defendants failed to provide notice to the Subject matter's address of 1937 Stephens Lane Bay View/Petoskey, Mi 49770

Plaintiff pleads Defendants failed to respect the fact that BV homes are not rental units owned by Bay View.

Plaintiff claims that Defendants do not respect or acknowledge the fact that BV is no Landlord Tenant since the member homeowners pay the taxes of and for the land that their home sits upon.

ATTN: OFFICE OF THE CLERK
9062262021
UNITED STATES DISTRICT COURT
330 FEDERAL BLDG
202 W WASHINGTON ST
**MARQUETTE MI 49855**

 **MI 498 7-01**

## UPS GROUND

TRACKING #: 1Z 685 47A 03 9378 9841



BILLING: P/P

Trx Ref No.: PM PKG ID 356495
Trx Ref No.: FROM WALTER / ANN COFFEY
XOL 22.04.15          NV45 16.0A 04/2822*

 SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If exported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.          BSD 8 09-21

Serving you for more than 100 years
United Parcel Service.   

for the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or
from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law prohibited.

010195101 4/14 PAC United Parcel Service

weigh 8 oz. or less. UPS Express Enve'
those listed or weighing more tha~

### International Shipments

· The UPS Express Envelope may be us.
value. Certain countries consider electr.
ups.com/importexport to verify if your sh.

· To qualify for the Letter rate, the UPS Express En.
UPS Express Envelopes weighing more than 8 oz.

**Note:** Express Envelopes are not recommended for ship.
containing sensitive personal information or breakable ite~
or cash equivalent.

100% Recycled fiber
80% Post-Consumer

International Shipping Notice -- Carriage hereunder may be subject to the rules relating to liability and other terms and/or conditions established by the Co~
the Convention on the Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology or software were ~